[S. F. No. 3773.  In Bank.—June 4, 1904.]

# WILLIAM A. TRAFTON, Appellant, v. RICHARD P. QUINN, Respondent.

ELECTION CONTEST — VALIDITY OF BALLOTS — DISTINGUISHING MARKS—LAW AT DATE OF ELECTION—CHANGE BEFORE TRIAL.—Upon an election contest, the law, as it stood in relation to distinguishing marks upon ballots at the date of the election, must govern as to the validity of the ballots cast, and not the law as changed before the trial of the contest.  The law on that subject is not a rule of evidence or remedy, but substantive law relative to elections.

ID.—CITY ELECTION—CUSTODY AND CARE OF BALLOTS—DISCRETION OF TRIAL COURT.—The city clerk, and not the county clerk, is the proper custodian of ballots cast at a city election.  The question as to whether the ballots have been so guarded by the city clerk as to preclude the suspicion that they were not in their original condition is largely within the judgment and discretion of the trial court.

ID.—CONSTRUCTION OF CITY CHARTER—TIMES OF TAKING EFFECT—VALIDITY OF PRELIMINARY ELECTION.—Where a newly adopted city charter expressly provided for a preliminary election under it on a date prior to the date at which the charter is to take effect, the charter is to be construed as consistent with itself, and the general provision as to its taking effect merely means that the machinery of the new government shall not start until the later date, and does not conflict with the provision for a preliminary election, without which the charter could not take general effect at the date prescribed therefor.

ID.—ISSUE NOT RAISED BY PLEADINGS.—Where the validity of the election under the charter was not an issue raised by the pleadings, and it was admitted and averred by the contestee that there was such an election, at which the contestee received the highest number of votes, and claimed judgment confirming his election as mayor of the city, he cannot object on appeal by the contestant that the election was not valid.

APPEAL from a judgment of the Superior Court of Santa Cruz County.  Lucas F. Smith, Judge.

The facts are stated in the opinion of the court.

Wyckoff & Gardner, for Appellant.

Charles M. Cassin, James A. Hall, and Franklin K. Lane, for Respondent.

McFARLAND, J.—This is an election contest, under sections 1111 et seq. of the Code of Civil Procedure, over the office of mayor of the city of Watsonville. According to the count of the canvassing-board, contestant had four hundred and seven votes, and contestee four hundred and eleven. The latter was declared elected, and a certificate of election was issued to him by the city clerk. Afterwards Trafton instituted this proceeding, and the superior court, after a hearing, and a re-counting of the votes, found that Trafton had received four hundred and seven legal votes, and Quinn four hundred and eleven legal votes—four majority for the latter—and rendered judgment decreeing that Quinn had been elected and was entitled to the office. From this judgment the contestant, Trafton, appeals.

On the count in the court below there were only thirteen ballots objected to. These ballots are before us, and we have examined them and considered the objections made thereto by the respective parties, and the rulings of the court thereon. The objections were that the ballots contained distinguishing marks which made them invalid. We are satisfied that the court erred in counting for respondent the ballots marked contestant's exhibits 9, 10, 11, 12, 13, 14, 6, 15, 16, and 17; they were all invalidated by distinguishing marks. The ballot marked contestant's exhibit 7 was properly counted for respondent, over appellant's objection. The court, upon respondent's objection, properly refused to count for appellant ballot marked contestant's exhibit 8. The deduction of the foregoing ten votes erroneously counted for respondent leaves a majority of six for appellant, and he should have been declared elected. Respondent makes very little contention that the ten ballots above mentioned did not contain distinguishing marks under the law as it stood when the election involved herein was held, in May, 1903; but before the trial of this case, in July, 1903, the law as to distinguishing marks had been changed by an amendment to section 1211 of the Political Code (Stats. 1903, 150), and respondent contends that the law on the subject as it was at the time of the trial should govern. This contention cannot be maintained. The question is whether the ballots were at the time they were voted legal ballots which should have been counted. The provisions of the code in question are parts of the substantive law upon the

subject of elections, and changing these provisions is not merely changing a rule of evidence or a remedy. The question is whether the ballots were legal ballots on election day.

Respondent contends that the ballots should not have been received in evidence because it was not sufficiently shown that they had been so guarded as to preclude the suspicion that they were not in their original condition. But this question is one which is largely within the judgment and discretion of the trial court, and in the case at bar there was no such want of evidence to support the ruling of the court on the subject as would warrant us in disturbing it. Respondent further contends that the ballots should not have been received because they were returned by the election boards to the city clerk and kept in his custody, while, as is contended, they should have been returned to the county clerk and kept in his custody. We do not think that this point is tenable. It is true that it is provided in sections 1264 and 1265 of the Political Code— where the general subject of elections is being dealt with— that election returns shall be delivered or sent by mail to the county clerk, who, among other prescribed duties touching elections, shall be the custodian of them. But by section 1075 the common council, or other governing body, of a city constitute the election commissioners for city elections, and by section 1077, the clerk of the city is *ex officio* clerk of the board of election commissioners; and by section 1078 it is provided that "the county clerk of each county, and the clerk or secretary of the common council of a city, shall, within their respective counties, or cities, exercise all the powers conferred, and shall discharge and perform all the duties imposed by this code, or by any law of this state, upon such officers in respect to the conduct, management, and supervision of elections, and matters pertaining to elections, held within the respective counties, or cities, as the same are now or may be hereafter prescribed by law." These provisions clearly enough put the city clerk, with respect to city elections, in the same place occupied by the county clerk with respect to county elections, and give to the former, in city elections, the rights and duties which the latter has in county elections.

Respondent contends that appellant must fail in this proceeding because there was no law in force for the holding of the election here in question. This contention is based on the

proposition that the charter of Watsonville went into effect on May 18, 1903, and the election was held on May 11th of that year. But, in the first place, no such issue is made by the pleadings. Respondent admits and avers that there was such an election, alleges that at such election he received the highest number of legal votes cast, and prays judgment confirming his election to the said office of mayor; and, moreover, it is doubtful if any such question can be raised on a proceeding under section 1111 of the Code of Civil Procedure. In the second place, while there is a general clause in the charter of the city that it shall "take effect at the hour of twelve M. on Monday, May 18th, 1903," it contains a specific provision that the first election under it shall be held on "the second Monday of May, 1903," and that the board of trustees of the then existing city of Watsonville should provide for such election. It is clear that the general provision above mentioned merely means that the machinery of the new government shall not start until the 18th, and is not inconsistent with the other clause providing such machinery, without which the new charter could not have gone into effect on the 18th. (See Charter, pp. 647 et seq., Stats. 1903.) There are no other points calling for special notice.

The judgment is reversed, and the superior court is directed to render judgment decreeing that appellant was elected to the said office of mayor and entitled to hold the same.

Angellotti, J., Van Dyke, J., Shaw, J., Lorigan, J., and Henshaw, J., concurred.

Rehearing denied.